NOT FOR PUBLICATION                                                                   CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

AKBAR NA'IM,                                          :

            Petitioner,                :            Civil Action No. 11-4996 (SRC)

            v.                                     :

THE ATTORNEY GENERAL                    :
OF THE STATE OF NEW JERSEY.,        **MEMORANDUM OPINION AND ORDER**
                                           :

            Respondents.

_____ :

**CHESLER**, District Judge

      This matter comes before the Court upon the Court's sua sponte review of the docket generated in this matter and Petitioner's online records maintained by the New Jersey Department of Corrections ("DOC"), and it is appearing that:

      Petitioner, then a state inmate confined at the South Woods State Prison, Bridgeton, New Jersey, commenced this § 2254 habeas matter without prepayment of his filing fee and without submitting his in forma pauperis application. See ECF Nos. 1 and 2. In addition, Petitioner erroneously named the Attorney General, rather than Petitioner's warden, as Respondent in this matter. See ECF Nos. 1 and 4. Therefore, this Court directed the Clerk to administratively terminate this matter subject to reopening upon Petitioner's cure of these defects. See ECF Nos. 2 and 4. Shortly after Petitioner prepaid his filing fee and moved for reinstatement of this case to the Court's active docket, this Court conducted a sua sponte review of Petitioner's DOC records and determined that, on February 9, 2014, Petitioner passed away. See

https://www6.state.nj.us/DOC_Inmate/details?x=1050097&n=0 nai'im.  Therefore, his Petition, ECF No. 1, has become subject to dismissal, since the Court of Appeals has explained that:

> Section 2254 empowers a federal court to grant a petitioner relief from unlawful state custody.  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (noting that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"); Barry v. Brower, 864 F.2d 294, 296 (3d Cir. 1988) (holding that "a district court's power to grant a writ of habeas corpus under 28 U.S.C. § 2254 is limited . . . to directing [the petitioner's] release from custody").  Because [Petitioner] has died, he is no longer "in custody."  See 28 U.S.C. § 2254(a).  Accordingly, we conclude that [Petitioner's] habeas petition has been rendered moot by his death.  We note that our decision today is in accord with that of every other Court of Appeals to have considered this issue.  See, e.g., Bruno v. Sec'y, Fla. Dep't of Corr., 700 F.3d 445, 445 (11th Cir. 2012) ("The death of the habeas petitioner renders a habeas action moot"); Garceau v. Woodford, 399 F.3d 1101, 1101 (9th Cir. 2005); McMillin v. Bowersox, 102 F.3d 987, 987 (8th Cir. 1996); McClendon v. Trigg, 79 F.3d 557, 559 (7th Cir. 1996); Knapp v. Baker, 509 F.2d 922, 922 (5th Cir. 1975).  See also Lockhart v. McCree, 476 U.S. 162, 168 n.2 (1986) ("[T]he habeas petitioner . . . died prior to the District Court's decision, so his case became moot"); In re Kravitz, 504 F. Supp. 43, 49-50 (M.D. Pa. 1980).

Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013) (brackets and ellipses in original).

**IT IS**, therefore, on this 30th day of April, 2014,

**ORDERED** that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

**ORDERED** that the Petition, ECF No. 1, is dismissed; and it is further

**ORDERED** that the Clerk shall close the file on this matter; and it is finally

**ORDERED** that, for the record purposes only, the Clerk shall mail this Memorandum Opinion and Order by regular U.S. mail directing it to Petitioner's prison address, as reflected on the docket.

                                                  /s Stanley R. Chesler  
                                                 **STANLEY R. CHESLER,**  
                                                 **United States District Judge**